THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN SANTIAGO RIVERA k/a JUAN ORTIZ RIVERA, Defendant and Appellant.

Nos. CR-64-214, CR-64-215.    Decided February 9, 1965.

*Enrique Corchado Juarbe* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Defendant was convicted of two violations of § 77 of the Spirits and Alcoholic Beverages Act, Act No. 6 of June 30, 1936, 13 L.P.R.A. § 1754, consisting in having in his possession glass receptacles containing rum, without the corresponding internal revenue stamps being attached thereto. He was ordered to pay a fine of $200 in each case without costs or, in default thereof, to serve 90 days in jail. The evidence showed that a policeman who was in charge of pursuing the infringers of that kind of offense, acting as undercover agent, bought from appellant, in the latter's business, located in the urban zone of Coamo, Puerto Rico, on March 26, 1963 and on April 19 of the same year, two glass

bottles of the kind known as "half-pints," of clandestine rum, without having the internal revenue stamps attached. The evidence for the prosecution consisted in the testimony of the policeman.

The two errors assigned consist (1) in that the trial court erred in finding defendant guilty on insufficient evidence, and (2) that the trial court erred in weighing the evidence.

Appellant's argument as to the first error consists essentially in alleging that the charges refer to a glass gallon and not to the half-pints. The evidence was to the effect that appellant filled the half-pints from said glass gallon. His argument does not justify the error since both charges refer to the illegal possession of glass receptacles containing clandestine rum and the half-pints that defendant possessed and sold with clandestine rum are glass containers. Furthermore, the policeman testified that he saw said gallon of clandestine rum in defendant's business. The half-pints sold by defendant to the policeman were admitted in evidence without appellant's objection. The trial court did not err in considering that there was sufficient evidence.

As to the second error, appellant assigns that the witness for the prosecution committed certain contradictions. They refer mainly to appellant's manipulation of said gallon containing clandestine rum. Said contradictions do not destroy the essential part of the witness' testimony, which established the offense charged. *People* v. *Alvarez,* per curiam decision of May 8, 1964; *People* v. *Casiano,* 87 P.R.R. 467 (1963); *People* v. *Nazario,* 87 P.R.R. 122 (1963). The second error assigned was not committed either.

The judgments appealed from will be affirmed.